HENDRY, Judge.
Appellant Geraldine Rivers Mangham (the daughter of the decedent, co-executrix, co-testamentary trustee, and a residuary beneficiary under her father’s will), seeks appellate review of an amended order of partial distribution, which ordered that $30,-000 be distributed from the decedent’s estate to the Estate of Lucile Lashley Rivers, Incompetent (widow).
One appellee is Eurith Dickinson Rivers, Jr., the son of the decedent. He is the other co-testamentary trustee and also a residuary beneficiary. The son is the personal guardian of his mother. The remaining appellee is the Estate of Lucile Lashley Rivers, Incompetent.
In a 1970 order of the county judge, a bank was ordered to hold $30,000 for the widow, pending qualification of the testamentary trustees under the testamentary marital trust. By the amended order, dated May 3, 1971, herein appealed, the bank was ordered to turn over that $30,000 to the estate of the incompetent widow, which order was entered upon a motion by the estate of the incompetent widow to meet her medical and personal expenses. The order reads in part as follows:
% * %
“Further appearing that the Order of Partial Distribution heretofore entered directed the said partial distribution in the amount of $30,000 be paid to Commercial Bank of Miami, to be held pending further order of this Court, and it
“Further appearing that because of the immediate need of the Petitioner for funds to pay personal expenses for hospitalization and nursing, the Court having heard the argument of Counsel and being otherwise fully advised in the premises, it is therefore
“Ordered and adjudged that the Order of Partial Distribution dated October 23, 1970, providing
“‘(b) A check for Thirty Thousand Dollars ($30,000.00) payable to Commercial Bank of Miami being the financial institution hereby designated by the Court to hold said sum subject to further Order of this Court and pending the qualification of the Testamentary Trustees of the trust for the benefit of LUCILE LASHLEY RIVERS under the Will of EURITH DICKINSON RIVERS, deceased and said financial institution shall file a receipt therefor in these proceedings in the name of this Estate acknowledging the receipt of said sum.’ ”
be modified as follows:
“ ‘(b) That said bank be and it is hereby ordered and directed to pay over said sum of Thirty Thousand Dollars ($30,000.00) to the Estate of LUCILE LASHLEY RIVERS, Incompetent, and the said bank is authorized to accept the receipt of the Guardian for said sum.’ ”
“It is further ordered that a certified copy of this Order shall constitute full *85 authority to the said Commercial Bank of Miami to pay over the said sum of $30,000 to the Estate of LUCILE LASHLEY RIVERS, Incompetent.”
* * * * * *
Appellees have asserted in their brief that (1) the appellant daughter qualified as co-executrix of the will by stipulation of the co-executor son, but since that date she has refused to take any action as co-executrix; (2) the deceased’s estate reported a total of almost $68,000 as income for the period 1967-1970; (3) the son is now a Georgia resident; and (4) appellant has since resigned as testamentary co-trustee, so that appellee son does not have to qualify under an exception provided in § 737.02(1), Fla.Stat., F.S.A. Appellant argues that these assertions are not of record and are irrelevant.
The appellant contends that the court erred in authorizing the instant partial distribution of $30,000 to a person not named in the will and therefore not entitled to receive such distribution under the will. She argues that the will specifies that distribution is to be made to the testamentary trustees of the marital trust, and that the distribution to the widow or her guardianship estate is to a person not entitled to receive the bequest under the will. She continues that the failure of testamentary trustees of this marital trust to qualify is irrelevant.
In response, the appellees argue that the court correctly required the bank to pay the money to the estate of the incompetent and accept a receipt from her personal guardian because the will provides for payment of income from the marital trust to the widow from the date of the testator’s death. Further, the marital trust property has not been designated by the co-executors because the appellant-daughter has failed and refused to take any action in fulfillment of her duties as co-executrix. They conclude that the court avoided a mere ministerial step. The appellees also argue that under § 734.031, Fla.Stat., F.S.A., distribution to the widow is proper, and the exception under § 737.02(1) is applicable because the co-trustees are Georgia residents.
Appellant has responded to these arguments by explaining that § 734.031 concerns valuation and that any reference to § 737.02 (1) is irrelevant for lack of a record to support allegations that appellant-daughter and appellee-son are both Georgia residents, or that appellant-daughter resigned, making appellee-son the surviving trustee.
The will provides for corpus of the trust in Item I and further provides:
“(a) During the life of my wife, LUCILE LASHLEY RIVERS, my trustees shall pay over to her all income from the Marital Trust as computed for Federal Income tax purposes in semiannual or more frequent installments from the time of my death until her death. The trustees shall be authorized to encroach upon the corpus of the property in their hands at any time and from time to time in such amount as they may deem necessary or advisable, taking into consideration any other means of support my wife may have to the knowledge of the trustees, to maintain my wife in the condition of living to which she has been accustomed. Such encroachments may also be made for any emergency judged by my trustees.
“(b) On the death of my wife the property remaining in the hands of the trustees shall be distributed by the trustees free of the trust to such persons and in such manner as my wife may by her last will and testament direct or appoint, including the right in my wife to appoint the property in her will to her estate. In the event my wife leaves no last will and testament all assets remaining in this trust shall pass according to the laws of descent and distribution as directed by the Court having jurisdiction of my wife’s estate. It is hereby directed that the trustees shall forthwith pay the remaining sums under this trust to the *86 executors of my wife’s will for distribution in accordance with the order of the court having jurisdiction of her estate. On the death of my wife the trustees shall be authorized to withhold distribution of an amount of property sufficient in its judgment to cover any liability that may be imposed on the trustees for estate taxes or other taxes until such liability is finally determined.
“(c) I hereby appoint as trustees of the above created trust my children, EURITH DICKINSON RIVERS, JR., of Miami Beach, Florida and GERALDINE RIVERS MANGHAM of Bremen, Georgia. My trustees are relieved from filing any bond or making any return to any court except that which is mandatory under the laws of the State of Florida.”
The parties, of course, agree that the intent of the testator should prevail. The appellant takes one view of that intent, and the appellees an opposite one, as we have hereinbefore set forth.
We agree with the position taken by the appellant that the county judge’s court improperly directed a partial distribution from the decedent’s estate to the estate of the incompetent. If a will directs that a bequest is to be made to a trust in unambiguous language, then the court cannot order distribution directly to the beneficiary of the trust.
Property devised or bequeathed ultimately shall belong to the specific legatee and devisee. The Supreme Court quoted the following textbook statement in In Re Francis’ Estate, 153 Fla. 360, 14 So.2d 803, 807:
“ ‘Payment should be made to the person entitled to receive the legacy or distributive share, or to his properly authorized representative or assignee, unless payment to a third person is directed by the legatee or distributee, or by the court. ‡ # * f >f
The probate court had no jurisdiction to order the testamentary trustee (or trustees) to make a distribution to a beneficiary of the trust, assuming that the trust had come into existence.
Therefore, the order is reversed.
Reversed.